UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,                              10 CV 5564 (MGC)

                         Plaintiff – Judgment Creditor,

               - against -

LAURENCE M. BROWN, a/k/a LAWRENCE M. BROWN and
RONALD J. MANGINI,

                  Defendants – Judgment Debtors,

               - and -

INFINITY FARMS, LTD., SLOAN A. BROWN, SUSAN W.
BROWN, MAYLIL, INC., and JUNE A. MANGINI,

              Relief Defendants – Judgment Debtors.

---

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff – Petitioner – Judgment Creditor,

               - against -

BANK OF AMERICA, N.A.,

                  Respondent – Garnishee,

               - and -

BROWN SERVICES CORP. and SLOAN A. BROWN,

                Interested Parties.   **ECF CASE**

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR TURNOVER ORDER
DIRECTED TO BANK OF AMERICA, N.A.,
RE ACCOUNT OF BROWN SERVICES CORP.,
AND DETERMINATION OF CLAIM FOR EXEMPTION OF SLOAN A. BROWN
(FED. R. CIV. P. 69(a) AND NY CPLR 5222-a, 5225, 5227, AND 5240)**

               JOHN J. GRAUBARD      JG-4854
               JACK KAUFMAN           JK-3050
               PHILIP MOUSTAKIS      PM-1748
               Attorneys for Plaintiff
               Securities and Exchange Commission
               New York Regional Office
               3 World Financial Center, Room 400
               New York, NY 10281-1022
               Tel.:         212-336-0084 (Graubard)
               Fax:         212-336-1353
               E-mail:      graubardj@sec.gov

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................- 1 -

RELEVANT FACTS .............................................................................................- 1 -

    A.    The Commission's Action ..................................................................- 1 -

    B.    The Asset Freeze and the Judgment..................................................- 2 -

    C.    The Frozen Funds ..............................................................................- 4 -

ARGUMENT ........................................................................................................- 5 -

    I.    A Turnover Order Proceeding Is Appropriate ..................................- 5 -

        A.    Federal Postjudgment Enforcement Proceedings Follow State Law, as Reasonably Adopted to Federal Practice ..................................................- 5 -

        B.    Federal Practice Does Not Require a Separate Action to Obtain Relief that in State Court Would Require a "Special Proceeding"..................................- 6 -

        C.    A Turnover Order Is the Proper Remedy Here .........................................- 10 -

    II.    The Turnover Order Should Be Granted ..........................................- 12 -

    III.    Sloan Brown's Exemption Claim Is not Valid and Should Be Denied ............- 13 -

        A.    The Statutory Framework of an Exemption Claim..................................- 13 -

        B.    The Funds in the Brown Services Corp. Account Are not Exempt ..........- 15 -

CONCLUSION...................................................................................................- 17 -7

## **TABLE OF AUTHORITIES**

### **Cases**

*Anderson v. Tucker*, 68 F.R.D. 461 (D. Conn. 1975) .................................................... 6

*Bank of Aspen v. Fox Cartage, Inc.,* 533 N.E.2d 1080 (Ill. 1989)................................. 6

*Chambers v. Blickle Ford Sales, Inc.*, 313 F.2d 252 (2d Cir. 1963)............................... 8

*Clark v. Wilbur*, 913 F. Supp. 463 (S.D. W. Va. 1996)................................................. 6

*Cordius Trust v. Kummerfeld*, 153 Fed. Appx. 761 (2d Cir. 2005) ................................ 8

*Cordius Trust v. Kummerfeld*, 2004 WL 616125 (S.D.N.Y. Mar. 30, 2004) ................. 8

*CSX Transportation, Inc. v. Filco Carting Corp.*, 2011 WL 2713487 (E.D.N.Y. July 11, 2011)................................................................................................................ 9

*HBE Leasing Corp. v. Frank*, 48 F.3d 623 (2d Cir. 1995) ............................................ 8

*In re Flanagan*, 31 F. Supp. 402 (D.D.C. 1940)......................................................... 16

*IndyMac Bank, F.S.B. v. National Settlement Agency, Inc.*, 2008 WL 3826519 (S.D.N.Y. Aug. 14, 2008) .......................................................................................... 9

*JW Oilfield Equipment, LLC v. Commerzbank, AG*, 764 F. Supp.2d 587 (S.D.N.Y. 2011)........... 9

*Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193 (7th Cir. 1996) .................................. 5

*Mitchell v. Lyons Professional Services, Inc.*, 727 F. Supp.2d 120 (E.D.N.Y. 2010) ........... passim

*Northern Mariana Islands v. Millard*, 845 F. Supp.2d 579 (S.D.N.Y. 2012) ..................... 6, 9, 10

*Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221 (7th Cir. 1993) .................................. 5, 9, 15

*Runaway Development Group, S.A. v. Pentagen Technologies Intern. Ltd.*, 396 F. Supp.2d 471 (S.D.N.Y. 2005)........................................................................ 10

*Securities and Exchange Commission v. AMX, Int'l, Inc.*, 7 F.3d 71 (5th Cir. 1993) .................. 16

*Securities and Exchange Commission v. Aragon Capital Advisors, LLC*, 2011 WL 3278907 (S.D.N.Y. July 26, 2011) ............................................................ 16

*Securities and Exchange Commission v. Huffman*, 996 F.2d 800 (5th Cir. 1993) ....................... 16

*Securities and Exchange Commission v. Musella*, 818 F. Supp. 600 (S.D.N.Y. 1993) .............. 16

*Securities and Exchange Commission v. Sekhri*, 2002 WL 31100823 (S.D.N.Y. July 22, 2002) ............................................................................................. 16

*Securities and Exchange Commission v. Solow*, 682 F. Supp.2d 1312 (S.D. Fla. 2010), *aff'd* 396 Fed. Appx. 635, 2010 WL 3623172 (11th Cir. 2010) ............................... 16

*United States v. Brown*, 10 CR 991 (MGC) (S.D.N.Y.) ................................................ 3

*Wasserman Media Group, LLC v. Bender*, 2012 WL 1506181 (S.D.N.Y. Apr. 26, 2012).......... 10

*Yates County Nat. Bank v. Carpenter*, 23 N.E. 1108 (N.Y. 1890) ............................... 16

## Statutes

28 U.S.C. § 1961 ................................................................................................................ 3, 4

New York Civil Practice Law and Rules 402 ................................................................ 6

New York Civil Practice Law and Rules 403 ................................................................ 6, 7

New York Civil Practice Law and Rules 409 ................................................................ 6, 7

New York Civil Practice Law and Rules 410 ................................................................ 7

New York Civil Practice Law and Rules 411 ................................................................ 6

New York Civil Practice Law and Rules 5205 .............................................................. 15

New York Civil Practice Law and Rules 5221 .............................................................. 7

New York Civil Practice Law and Rules 5222 ........................................................ passim

New York Civil Practice Law and Rules 5222-a ..................................................... passim

New York Civil Practice Law and Rules 5225 ........................................................ passim

New York Civil Practice Law and Rules 5227 ............................................ 1, 11, 12, 13

New York Civil Practice Law and Rules 5232 .............................................................. 13

New York Civil Practice Law and Rules 5239 ........................................................ 11, 12

New York Civil Practice Law and Rules 5240 ........................................................ 1, 14

New York Civil Practice Law and Rules Article 4 ....................................................... 6

New York Civil Practice Law and Rules Article 52 ............................................... 7, 8, 10

Securities Act of 1933, Section 17(a), 15 U.S.C. § 77q(a) ......................................... 1

Securities Exchange Act of 1934, Section 10(b), 15 U.S.C. § 78j(b) .......................... 1

## Rules

Federal Rules of Civil Procedure, Rule 2 ..................................................................... 7

Federal Rules of Civil Procedure, Rule 69(a) ........................................................ passim

Second Circuit Local Rule 32.1.1(b)(2) ....................................................................... 8

## Regulations

Securities and Exchange Commission, Rule 10b-5, 17 C.F.R. § 240.10b-5 ............................- 1 -

## Other Authorities

David D. Siegel, Practice Commentary C5221:2 (2012 supplement), McKinney's
 CPLR (2012) ...................................................................................................... 8

David D. Siegel, 2009 Comment to 5222-a McKinney's CPLR (2012) ..................................... 13

David D. Siegel, Comment C5225:1 to NY CPLR 5225 McKinney's CPLR (2012) ................. 11

David D. Siegel, Comment C5227:1 to NY CPLR 5225 McKinney's CPLR (2012) ................. 12

Vincent C. Alexander, Practice Commentary C401:1, McKinney's CPLR (2012) ...................... 6

## INTRODUCTION

The plaintiff Securities and Exchange Commission moves for (1) a turnover order pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules ("NY CPLR") 5225 and 5227 as to funds held by Bank of America, N.A. ("Bank of America"), in an account in the name of Brown Services Corp., and (2) a determination pursuant to NY CPLR 5222-a and 5240 that the claim of exemption filed by relief defendant Sloan A. Brown ("Sloan Brown") to such funds is not valid.

For the reasons set forth below, the Court should grant the Commission's motion and order that Bank of America, N.A. turn over to the Commission all of the funds currently held by it in the account of Brown Services Corp.,  account number ****9894.

## RELEVANT FACTS

### A.        The Commission's Action

The Commission brought this action in July 2010 seeking injunctive and other equitable relief based upon violations of the federal securities laws.  Declaration of John J. Graubard ("Graubard Decl.") ¶ 3.  In its Complaint (Dkt. No. 1) the Commission alleged that the defendants Laurence M. Brown, also known as Lawrence M. Brown ("Laurence Brown"), and Ronald J. Mangini ("Ronald Mangini"), certified public accountants and principals of Marshall Granger & Company LLP ("Marshall Granger LLP") had conducted a Ponzi scheme, obtaining over $2.1 million from at least 13 investors.  *Id.*  The Commission alleged that Laurence Brown and Ronald Mangini had violated the antifraud provisions of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.  *Id.*

The Commission's complaint further alleged that the relief defendants Infinity Farms, Ltd. "(Infinity"), Sloan Brown, Susan W. Brown ("Susan Brown"), Maylil, Inc. ("Maylil"), and June A. Mangini ("June Mangini"), were the recipients, without consideration, of the proceeds of the fraudulent and illegal sales of securities under circumstances in which it is not just, equitable, or conscionable for them to retain the illegal proceeds.  Graubard Decl. ¶ 4.

**B.      The Asset Freeze and the Judgment**

As stated above, on July 22, 2010, this Court entered an the Asset Freeze Order (Dkt. No. 2), which froze the assets of Lawrence Brown and Ronald Mangini (the "Defendants") and Infinity, Sloan Brown, Susan Brown, Maylil, and June Mangini (the "Relief Defendants").[1] Graubard Decl. ¶ 5.  The assets so frozen included those "held in any of their names or for any of their direct or indirect beneficial interest wherever situated," and directed that:

> [E]ach of the financial institutions, debtors and bailees, or any other person or entity holding such assets, funds, or other property of Defendants and Relief Defendants to hold or retain within its control and prohibit the withdrawal, removal transfer, or other disposal of any such assets, funds, or other properties, . . .

*Id.*

On July 27, 2010, the Commission sent a copy of the Order to Show Cause and Temporary Restraining Order (Dkt. No. 2) to Bank of America by facsimile.  Graubard Decl. ¶ 6, Exhibit 1.  By letter dated September 15, 2011, Bank of America acknowledged that it was holding the following funds pursuant to the Order to Show Cause and Temporary Restraining Order (Dkt. No. 2).  Graubard Decl. ¶ 7, Exhibit 2.  In the September 15, 2011 letter, Bank of America stated that it was holding the following amounts:

---

[1] The Asset Freeze Order was extended from time to time.

| Name | Account Number | Current Balance |
|------|----------------|-----------------|
| Marshall Granger & Company LLC | ****9320 | $489.42 |
| Marshall Granger & Co., LLP | ****4198 | $12,002.26 |
| Brown Services Corp. | ****9894 | $10,279.34 |
| Mangini & Company, P.C. | ****4185 | $10,052.06 |

*Id.*

On March 22, 2012, the Court entered judgment against the Defendants and the Relief Defendants (Dkt. No. 82). Graubard Decl. ¶ 8, Exhibit 3. The judgment provided, in part, that the Defendants and the Relief Defendants were liable for disgorgement of their ill-gotten gains and prejudgment interest as follows:

a.    Laurence Brown was to disgorge $2,158,000, $2,096,394 of which was deemed satisfied by the $2,096,394 in restitution ordered in *United States v. Brown*, 10 CR 991 (MGC) (S.D.N.Y.), so that Lawrence Brown was liable for disgorgement under the judgment of $61,606 and prejudgment interest of $3,644, for a total of $65,250. This amount, together with postjudgment interest pursuant to 28 U.S.C. § 1961, remains entirely unpaid.

b.    Ronald Mangini was to disgorge $484,000 and prejudgment interest of $28,625, for a total of $512,625. This amount, together with postjudgment interest pursuant to 28 U.S.C. § 1961, remains entirely unpaid.

c.    June Mangini was to disgorge $309,300 and prejudgment interest of $18,293, for a total of $327,593, which obligation is joint and several with that of Ronald Mangini. This amount, together with postjudgment interest pursuant to 28 U.S.C. § 1961, remains entirely unpaid.

     d.     Maylil was to disgorge $301,800 and prejudgment interest of $17,849, for a total of $319,649, which obligation is joint and several with that of Ronald Mangini and with that of June Mangini.  This amount, together with postjudgment interest pursuant to 28 U.S.C. § 1961, remains entirely unpaid.

     e.     Susan Brown was to disgorge $135,265 and prejudgment interest of $8,000, for a total of $143,265.  This amount, together with postjudgment interest pursuant to 28 U.S.C. § 1961, remains entirely unpaid.

     f.     Sloan Brown was to disgorge $533,008 and prejudgment interest of $31,523, for a total of $564,531.  This amount, together with postjudgment interest pursuant to 28 U.S.C. § 1961, remains entirely unpaid.

     g.     Infinity was to disgorge $223,400 and prejudgment interest of $13,212, for a total of $236,612, $139,339 of which obligation is joint and several with the obligation of Sloan Brown.  This amount, together with postjudgment interest pursuant to 28 U.S.C. § 1961, remains entirely unpaid

*Id.*

Sloan Brown appealed the judgment on April 18, 2012 (Dkt. No. 85).  Susan Brown also appealed the judgment on April 18, 2012 (Dkt. No. 86).  These appeals have been dismissed by the Court of Appeals for the Second Circuit (Dtk. No. 126).  Neither the Defendants nor the other Relief Defendants have appealed the judgment.  Graubard Decl. ¶ 9.

## C.    The Frozen Funds

Brown Services Corp., the purported owner of Bank of America account ****9894, is an active New York business corporation, with an address for service of process at 89 Huntville Road, Katonah, New York 10536.  Graubard Decl. ¶ 10.  Laurence Brown and Sloan Brown are

the officers of Brown Services Corp., and Brown Services Corp. appears to be the alter ego of

Laurence Brown and Sloan Brown.  Graubard Decl. ¶ 10; Exhibits 4, 5, and 6.

Sloan A. Brown filed an exemption claim as to the funds in the Brown Services Corp.

account dated October 8, 2012 (Dkt. No. 120-1).  Graubard Decl. ¶ 11; Exhibit 7.

## ARGUMENT

The Commission obtained money judgments against the Defendants and the Relief

Defendants.  These judgments remain unsatisfied.  The Commission now seeks to enforce the

judgment to recover funds which it may then distribute to the injured investors.  This Motion is

one of the steps that the Commission is taking to effect such recoveries.[2]

## I.    A Turnover Order Proceeding Is Appropriate

### A.    *Federal Postjudgment Enforcement Proceedings Follow State Law, as Reasonably Adopted to Federal Practice*

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides:

A money judgment is enforced by a writ of execution, unless the court directs
otherwise.  The procedure on execution – and in proceedings supplemental to and
in aid of judgment or execution – must accord with the procedure of the state
where the court is located, but a federal statute governs to the extent it applies.

In brief, "Rule 69 conforms collection proceedings to state law."  *Matos v. Richard A.*

*Nellis, Inc.*, 101 F.3d 1193, 1195 (7th Cir. 1996).  As Judge Posner wrote in *Resolution Trust*

*Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993):

Rule 69(a) provides that in the absence of an applicable federal statute the
procedure in supplementary proceedings to execute a federal court's judgment
shall be that of the forum state. The draftsmen of the rule, rather than design a

---

[2] Additionally, the Commission has served restraining notices under Rule 69(a) of the
Federal Rules of Civil Procedure and New York Civil Practice Law and Rules ("NY CPLR")
5222 on each of the judgment debtors.  These restraining notices contain the statutory notices of
exemption required by NY CPLR 5222 and 5222-a.  The Commission is bringing a similar
motion for a turnover orders as to funds held at JPMorgan Chase Bank, N.A., simultaneously
with this motion.

> format for supplementary proceedings-with stages, deadlines, and other forms, powers, and limitations specially adapted to the needs of such proceedings-decided (perhaps in the hope that such proceedings would rarely be necessary) to borrow the format employed in the courts of the forum state.

This does not require that the federal court apply "every jot and tittle" of state law, however:

> We are dealing with *supplementary* proceedings; and while for some purposes, such as appealability, they are fruitfully analogized to regular civil proceedings, the analogy becomes strained when procedure at the trial level is in issue. Proceedings to enforce judgments are meant to be swift, cheap, informal. *Bank of Aspen v. Fox Cartage, Inc.,* 533 N.E.2d 1080, 1083 (Ill. 1989). We do not think the draftsmen of Rule 69 meant to put the judge into a procedural straitjacket, whether of state or federal origin.

*See, Mitchell v. Lyons Professional Services, Inc.*, 727 F. Supp.2d 120, 122-23 (E.D.N.Y. 2010);

*Northern Mariana Islands v. Millard*, 845 F. Supp.2d 579, 581-82 (S.D.N.Y. 2012).[3]

### B.    *Federal Practice Does Not Require a Separate Action to Obtain Relief that in State Court Would Require a "Special Proceeding"*

A special proceeding under New York law is governed by NY CPLR Article 4.  A special proceeding is a hybrid between a motion and an action.

> A special proceeding is a civil judicial proceeding in which a right can be established or an obligation enforced in summary fashion. Like an action, it ends in a judgment (CPLR 411), but the procedure is similar to that on a motion (CPLR 403, 409). Speed, economy and efficiency are the hallmarks of this procedure.

Vincent C. Alexander, Practice Commentary C401:1, McKinney's CPLR (2012).

The initial pleading in a special proceeding is a petition, rather than by a complaint.  NY CPLR 402.  Process in a special proceeding is either a notice of petition or an order to show cause, rather than a summons.  NY CPLR 403.  If commenced by service of a notice of petition,

---

[3] Other decisions from other jurisdictions supporting the conclusion that it is proper to modify state procedure to conform with federal court practice include *Clark v. Wilbur*, 913 F. Supp. 463, 465 - 66 (S.D. W. Va. 1996) (garnishees not required to be served with process in a separate action); and *Anderson v. Tucker*, 68 F.R.D. 461, 462 (D. Conn. 1975) ("[S]tate rules are to be applied in a common sense manner, of course, and those which make sense only when applied to state courts need not be imported into federal practice.").

service must be made in the same manner as the service of a summons.  NY CPLR 403(c).  If commenced by an order to show cause, however, service may be made in the manner directed in the order to show cause.  NY CPLR 403(d).

The special proceeding is returnable for a hearing on a date certain, if possible "The court shall make a summary determination . . . to the extent that no triable issues of fact are raised." NY CPLR 409(b).  "If triable issues of fact are raised they shall be tried forthwith . . . ."  NY CPLR 410.and ordinarily the special proceeding is heard and determined on that date.  NY CPLR 409.  If there are any triable issues of fact, they are to "be tried forthwith."  NY CPLR 410.

Under NY CPLR Article 52, supplemental proceedings to enforce a money judgment are generally special proceedings rather than motions in the original action.[4]

As stated above, Rule 69(a) incorporates state practice into the enforcement of a money judgment in federal court.  The state procedure must be adopted to federal court practice, however, as Rule 2 provides for only a "civil action" and not for a "special proceeding".[5]

A majority of the federal courts which have considered the issue have held that it is not necessary to commence a separate federal court action to obtain enforcement of a money judgment through Rule 69(a) and the NY CPLR remedies it incorporates.

---

[4] To an extent, this is due to the complex judicial structure in New York State.  The Supreme Court has general jurisdiction over all actions.  The other courts have limited jurisdiction.  Under NY CPLR 5221, postjudgment proceedings other than executions must be brought in the Supreme Court or in the County Court unless the respondent is within the territorial jurisdiction of a city court, district court, or the Civil Court in New York City.  The special proceeding is therefore often commenced in a court other than the one entering the money judgment.

[5] "As we note in the original Commentary, the "special proceeding" is the expedient for the application of a number of the enforcement devices in Article 52 of the CPLR.  This poses an issue when the enforcement is being sought in a federal court, which happens often enough. Under Rule 69(a) of the Federal Rules of Civil Procedure, forum state practice is adopted for

In *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 633 (2d Cir. 1995), the Second Circuit recognized that a special proceeding under NY CPLR 5225(b) was "applicable in the District Court via Fed. R. Civ. P. 69(a)." Judge Cote followed that decision ruling that a turnover proceeding seeking to pierce the corporate veil was properly brought in the principal action, rather than as a separate plenary action, as Rule 69(a) "dos not require that a specific state rule of procedure apply in a given action." *Cordius Trust v. Kummerfeld*, 2004 WL 616125 at *4 (S.D.N.Y. Mar. 30, 2004).

On appeal, the Second Circuit affirmed Judge Cote's ruling. *Cordius Trust v. Kummerfeld*, 153 Fed. Appx. 761, 763 (2d Cir. 2005).[6] It held that the plaintiff could initiate "supplementary special proceedings" rather than plenary actions. It also held that although the plaintiff there "did not file a document denominated 'petition,' as required in special proceedings, CPLR 402," the other papers filed sufficiently framed the issues.

In *Mitchell v. Lyons Professional Services, Inc.*, 727 F. Supp.2d 120, 123 (E.D.N.Y. 2010), the court held that a judgment creditor could seek a turnover order by motion rather than by a separate action in the nature of a special proceeding. The *Mitchell* court relied upon *Cordius Trust* and upon a second Court of Appeals decision, *Chambers v. Blickle Ford Sales, Inc.*, 313 F.2d 252, 256 (2d Cir. 1963). *Chambers* involved a suit by the receiver of a

---

enforcement of money judgments in federal actions. The difficulty is that federal practice does not have the kind of "special proceeding" New York has--and uses often under Article 52. Hence, while Article 52 is adopted for use in the federal courts, one of the article's more important procedural devices has no federal counterpart--and doesn't lend itself to facile "adoption" in the federal courts." David D. Siegel, Practice Commentary C5221:2 (2012 supplement), McKinney's CPLR (2012).

[6] Second Circuit Local Rule 32.1.1(b)(2) restricts the citation of a summary order issued before January 1, 2007. However, the exception of Local Rule 31.1.1(b)(2)(B) applies here, as the Commission is citing the summary order "as subsequent history for another opinion that it appropriately cites."

Connecticut corporation against two New York corporations and the principals of these

corporations as garnishees, claiming that they owed debts to the New York corporations.  The

Second Circuit ruled for the principals on the merits, but noted that although Connecticut

practice would have required a separate action against them, Rule 69(a) did not compel that

result in federal court:

> Under Connecticut practice, a separate action would be required in the nature of a
> scire facias against the alleged debtor or trustee of the judgment debtor, requiring
> a hearing and judgment separate from the original action. (The procedure
> followed here, more in the nature of one supplementary to enforcement of a
> judgment, accords with the spirit of the Rules and seems to be a sufficiently close
> adherence to state procedures.)

Further, the court in *Mitchell* cited Judge Posner's language from *Resolution Trust Corp.*

*v. Ruggiero*, *supra*, and concluded that "other than the generation of an additional filing fee for

the commencement of a separate proceeding in this Court, there seems no reason to compel

plaintiffs to start over when there is a vehicle for relief presently pending."  727 F. Supp.2d at

124.

*Mitchell* was followed by Judge Castel in *SEC v. Colonial Investment Management LLC*,

2010 WL 4159276 at *2 (S.D.N.Y. Oct. 6, 2010), and by Judge Rakoff in *Northern Mariana*

*Islands v. Millard*, 845 F. Supp.2d 579, 581-582.[7]  In *Northern Mariana Islands*, the court wrote:

> Nearly every court in this Circuit to consider the issue has held that parties can
> bring a motion under FRCP 69(a), rather than instituting a special proceeding
> under the New York state law. . . .  In particular, this Court agrees with Judge
> Cogan's through explanation of this issue in *Mitchell*, and will not reiterate that
> entire analysis here.  As Judge Cogan concluded, "[a] 'special proceeding' is a
> creature of New York practice that although brought as a distinct legal action, has
> more in common with motion practice than it does with a plenary action."

---

[7] Other decisions approving the use of motion practice for what would have been "special
proceedings" in state court include *IndyMac Bank, F.S.B. v. National Settlement Agency, Inc.*,
2008 WL 3826519 at *3 (S.D.N.Y. Aug. 14, 2008); *CSX Transportation, Inc. v. Filco Carting
Corp.*, 2011 WL 2713487 at *2 (E.D.N.Y.  July 11, 2011); and *JW Oilfield Equipment, LLC v.
Commerzbank, AG*, 764 F. Supp.2d 587, 591 (S.D.N.Y. 2011).

(Citations omitted).

There are, however, decisions that hold a separate action is required.  In *Runaway Development Group, S.A. v. Pentagen Technologies Intern. Ltd.*, 396 F. Supp.2d 471, 474 (S.D.N.Y. 2005), Judge Sprizzo held that a new action was required where a non-party was involved.  Recently in *Wasserman Media Group, LLC v. Bender*, 2012 WL 1506181 at *1 (S.D.N.Y. Apr. 26, 2012), Judge Scheindlin ruled that a turnover proceeding under NY CPLR 5225(b) against a non-party garnishee had to be brought in a separate action.

The concern expressed in both *Runaway Development* and *Wasserman Media* involved the acquisition of jurisdiction over non-parties to the primary action.  As expressed in *Wasserman Media*, the issue was whether a simple motion would provide jurisdiction over the garnishee, stating that "petitioner overlooks the rudimentary concept of personal jurisdiction." 2012 WL 1506181 at *3.

Here, the Commission has personally served Bank of America within the Southern District of New York.  As there is no jurisdictional issue, the Court should follow *Mitchell - Colonial Investment - Northern Mariana Islands* and find that this motion is proper on a procedural basis.

## C.     *A Turnover Order Is the Proper Remedy Here*

NY CPLR Article 52 provides the postjudgment remedies available to enforce a money judgment in the state of New York.  One of these remedies is the turnover order under NY CPLR 5225.  Where the judgment debtor has possession of the property, NY CPLR 5225(a) applies:

> **(a) Property in the possession of judgment debtor.** Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to

satisfy the judgment, to a designated sheriff. Notice of the motion shall be served on the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested

Where a third party has possession, NY CPLR 5225 (b) applies:

> **(b) Property not in the possession of judgment debtor.**  Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff. . . .  The court may permit the judgment debtor to intervene in the proceeding.  The court may permit any adverse claimant to intervene in the proceeding and may determine his rights in accordance with section 5239.

NY CPLR 5227 provides an analogous procedure to recover a "debt" owed to the judgment debtor.[8]  As the distinction between property of the judgment debtor and a debt owed to a judgment debtor may be murky, an application for a turnover order seeking money may be based on both NY CPLR 5225 and 5227.  David D. Siegel, Comment C5225:1 to NY CPLR 5225 McKinney's CPLR (2012).

Both NY CPLR 5225 and 5227 provide a process for any interested person to assert claims to property which is the subject of a turnover order.  Under New York practice, service of

---

[8] "Upon a special proceeding commenced by the judgment creditor, against any person who it is shown is or will become indebted to the judgment debtor, the court may require such person to pay to the judgment creditor the debt upon maturity, or so much of it as is sufficient to satisfy the judgment, and to execute and deliver any document necessary to effect payment; or it may direct that a judgment be entered against such person in favor of the judgment creditor. Costs of the proceeding shall not be awarded against a person who did not dispute the indebtedness. Notice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested. The court may permit the judgment debtor to intervene in the proceeding. The court may permit any adverse claimant to intervene in the proceeding and may determine his rights in accordance with section 5239."

a turnover motion is required only on the person holding the property sought and the judgment debtor. *Centerpointe Corporate Park Partnership 350 v. MONY*, 496 N.Y.S.2d 354, 355 (App. Div. 4th Dept. 2012).

 For these reasons, the Commission submits that a turnover proceeding under NY CPLR 5225(b) and 5227 as a motion in this action is appropriate.

## II. The Turnover Order Should Be Granted

 In response to the Asset Freeze Order, Bank of America has frozen the funds in four accounts. This motion is directed only to the Brown Services Corp..

 Preliminarily, "The judgment debtor and any adverse claimants to the debt at issue may be permitted to intervene, which converts the proceeding into a plenary test of who is entitled to the disputed debt." David D. Siegel, Comment C5227:1 to NY CPLR 5225 McKinney's CPLR (2012). The New York mechanism for this is NY CPLR 5239, which authorized the court "to determine rights in the property or debt." Therefore, the Commission's initial burden, in the absence of an adverse claim, is merely to show that Bank of America has identified the account as one in which the Defendants or Relief Defendants have an interest.

 Brown Services Corp. is an active New York business corporation. Laurence Brown and Sloan Brown are the signatories on the Brown Service Corp. account. Graubard Decl. ¶ 10, Exhibits 4 and 5. It appears from bank statements and other materials relating to account ****9894 that this account was used by Laurence Brown and Sloan Brown as a personal bank account. For example:

-  On July 21, 2010, there were check card purchases at Peking City and Bacio Trattoria;

-  On July 22, 2010, there were two check card purchases at Peppino's Restorante;

- On July 28, 2010, a check for $1,980 was cashed;

- A check dated July 7, 2010 and payable to Sloan Brown was deposited in this account.

Graubard Decl. ¶ 10, Exhibit 6.

The Brown Services Corp. account is therefore an asset of the judgment debtors Laurence Brown and Sloan Brown, and the Court should order that account turned over to the Commission.

## III.    Sloan Brown's Exemption Claim Is not Valid and Should Be Denied

Sloan Brown's exemption claim pursuant to NY CPLR 5222-a asserts that the funds in the Brown Services Corp. account constitute "income earned in the 60 days prior to the account being frozen by the Court."

### A.    The Statutory Framework of an Exemption Claim

The exemption claims filed by Laurence Brown, Sloan Brown, and Susan Brown are based on the provisions of NY CPLR 5222-a.  This statute, one of a series of 2008 amendments to the NY CPLR as "an effort to protect the exempt income of small debtors," David D. Siegel, 2009 Comment to 5222-a McKinney's CPLR (2012), creates a streamlined procedure for judgment debtors to assert exemption claims.

NY CPLR 5222-a applies when a restraining notice under NY CPLR 5222, an execution under NY CPLR 5232, or a turnover motion under NY CPLR 5225(b) or 5227 is served with respect to "a natural person's account at a banking institution."  NY CPLR 5222-a(a).  The judgment creditor or levying officer must serve the banking institution and the judgment debtor with an exemption notice and an exemption claim form.  NY CPLR 5222-a(b).  The judgment debtor asserts an exemption claim simply by returning the exemption claim form, which

automatically exempts the funds unless the judgment creditor (here, the Commission) objects.

NY CPLR 5222-a(c).

The procedure for the judgment creditor to object to an exemption claim is set forth in

NY CPLR 5222-a(d):

> (d) Objection to exemption claim and request for hearing. A judgment creditor may object to the claim of exemption by moving for an order pursuant to section fifty-two hundred forty of this article. The judgment creditor must serve the banking institution and the judgment debtor with its motion papers within eight days after the date postmarked on the envelope containing the executed exemption claim form or the date of personal delivery of the executed exemption claim form to the banking institution, and the provisions of paragraph one of subdivision (b) of rule twenty-one hundred three of this chapter shall not enlarge the judgment creditor's time to move pursuant to this section. The judgment debtor shall be served at the address provided on the exemption claim form. The affirmation or affidavit in support of the motion shall demonstrate a reasonable belief that such judgment debtor's account contains funds that are not exempt from execution and the amount of such nonexempt funds. The executed exemption claim form shall be attached to the affirmation or affidavit. The affirmation or affidavit shall not be conclusory, but is required to show the factual basis upon which the reasonable belief is based. The hearing to decide the motion shall be noticed for seven days after service of the moving papers. The executed exemption claim form shall be prima facie evidence at such hearing that the funds in the account are exempt funds. The burden of proof shall be upon the judgment creditor to establish the amount of funds that are not exempt. The court shall, within five days of the hearing, issue an order stating whether or not funds in the account are exempt and ordering the appropriate relief. The judgment creditor or its attorney must serve the order on the banking institution and the judgment debtor no later than two business days after the court issues the order.

Upon receipt of the judgment creditor's objection, the financial institution must hold the funds

for 21 days, unless otherwise ordered by the Court.  NY CPLR 5222-a(e).

The judgment creditor objecting to the exemption claim, not the judgment debtor

asserting the exemption claim, has the burden of seeking a judicial determination under NY

CPLR 5240, which provides:

- 14 -

The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure.

Federal court proceedings under Rule 69(a) incorporate the substance, but not all of the procedural aspects, of state court practice. *RTC v. Ruggiero*, 994 F.2d 1121, 1226 (2d Cir. 1993); *Mitchell v. Lyons Professional Servs., Inc.*, 727 F.Supp.2d 120, 123 (E.D.N.Y. 2010); *Northern Marianas Islands v. Millard*, 845 F. Supp.2d 579, 581-82 (S.D.N.Y. 2012).

NY CPLR 5222-a(d) places the burden of proof on the judgment creditor (the Commission), and the exemption claim form submitted by the judgment debtor (Sloan Brown) is "prima facie evidence at such hearing that the funds in the account are exempt funds." For the reasons set forth below, the Commission is able to overcome this prima facie evidence and show that the funds at Bank of America.

## B.      The Funds in the Brown Services Corp. Account Are not Exempt

First, the Brown Services Corp. account is not in the name of any individual, but in a corporate name. Therefore, Sloan Brown should not be entitled to claim any portion of the funds in that account as exempt, for the simple reason that the New York exemption law does not apply to funds held by corporations or other non-natural persons.

NY CPLR 5205 provides for the various statutory exemptions for "personal property owned by any person. . . ." Based on the context and the statutory purpose, it is clear that the legislature did not intend for corporations and other artificial entities to be able to avail themselves of exemptions from execution which clearly relate to items that a natural person might have need of. "The general exemption laws of the state provide for the protection of specific articles or classes of property, with a view of alleviating the condition of the poor by securing to them the use or consumption of the property exempted." *Yates County Nat. Bank v.*

- 15 -

*Carpenter*, 23 N.E. 1108, 1109 (N.Y. 1890).  "The enactment of these statutes had as their

purpose, at least in part, to insure the public against the pauperism of the recipient of the benefits

or that of his dependents."  *In re Flanagan*, 31 F. Supp. 402 (D.D.C. 1940).  These principles

have no application to corporations such as Brown Services Corp.

Second, disgorgement obligations are not subject to state law exemptions.  It is well

established that the Court does not have to recognize state law exemptions where the

Commission seeks to enforce a disgorgement judgment.

In *Securities and Exchange Commission v. Musella*, 818 F. Supp. 600, 603 (S.D.N.Y.

1993), Judge Wood noted that "the extent to which [the judgment debtor's] assets and income

would be exempt from attachment under New York law does not alter his duty to pay the amount

he owes under the [disgorgement] order."  Disgorgement is not a "debt" and state law

exemptions do not apply to the collection of disgorgement.  *Securities and Exchange

Commission v. Huffman*, 996 F.2d 800, 803 (5th Cir. 1993); *Securities and Exchange

Commission v. AMX, Int'l, Inc.*, 7 F.3d 71, 76 (5th Cir. 1993).

Recent decisions confirm this.  In *Securities and Exchange Commission v. Solow*, 682 F.

Supp.2d 1312, 1331 (S.D. Fla. 2010), *aff'd* 396 Fed. Appx. 635, 2010 WL 3623172 (11th Cir.

2010), the court found that through the contempt process it could reach a Florida homestead

owned as tenants in the entirety.  In *Securities and Exchange Commission v. Aragon Capital

Advisors, LLC*, 2011 WL 3278907 at *7 (S.D.N.Y. July 26, 2011), the court held that the

Commission could use the contempt power to reach funds in an IRA account notwithstanding the

state law exemption.  And in *Securities and Exchange Commission v. Sekhri*, 2002 WL

31100823 at *8 (S.D.N.Y. July 22, 2002), the court found that a 401(k) pension plan was an

available asset.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Sloan Brown's exemption claim and grant the Commission's motion for a turnover order.

Dated:          New York, New York
                April 11, 2013

                              /s/ John J. Graubard
                              _____
                              JOHN J. GRAUBARD          JG-4854
                              JACK KAUFMAN              JK-3050
                              PHILIP MOUSTAKIS          PM-1748
                              Attorneys for Plaintiff
                              Securities and Exchange Commission
                              New York Regional Office
                              3 World Financial Center, Room 400
                              New York, NY 10281-1022
                              Tel.:          212-336-0084 (Graubard)
                              Fax:           212-336-1353
                              E-mail:        graubardj@sec.gov